**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| OPTIMIZE TECHNOLOGY SOLUTIONS, LLC, | |
| Plaintiff, | Civil Action No.  2:11-cv-00419-JRG |
| v. | |
| STAPLES, INC., *et al.*, | JURY TRIAL DEMANDED |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF**
**OPTIMIZE TECHNOLOGY SOLUTIONS, LLC'S**
**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................... 1

II.    BACKGROUND ...................................................................................................... 2

    A.    Plaintiff's Prior Complaints .................................................................... 2

    B.    The Court's Deadline For Amended Pleadings ...................................... 3

    C.    Plaintiff's Proposed "Amendment" ....................................................... 3

    D.    Plaintiff's Meet and Confer Efforts ....................................................... 4

III.    ARGUMENT ............................................................................................................ 5

    A.    Plaintiff Has Not Attempted To
          Make The Required "Good Cause" Showing ......................................... 5

    B.    Plaintiff Cannot Satisfy Rule 16's "Good Cause" Standard .................. 6

          1.    Plaintiff Cannot Show Good Cause To Add Willfulness Allegations ........ 6

          2.    Plaintiff Cannot Show Good Cause To Add Marking Allegations........... 12

IV.    CONCLUSION ........................................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anascape, Ltd. v. Microsoft Corp.*,
  No. 9:06–CV–158, 2008 WL 7182476 (E.D. Tex. April 25, 2008) ........................................ 10

*E.E.O.C. v. Service Temps Inc.*,
  679 F.3d 323 (5th Cir. 2012) ................................................................................................... 7

*Filgueira v. U.S. Bank Nat'l Ass'n*,
  734 F.3d 420 (5th Cir. 2013) ................................................................................... 5, 6, 9, 14

*In re Seagate Technology, LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) (en banc) .............................................................................. 10

*L.G. Motorsports, Inc. v. NGMCO, Inc.*,
  No. 4:11-cv-112, 2013 WL 2543398 (E.D. Tex., June 6, 2013) ................................... 7, 12, 15

*Laitram Corp. v. NEC Corp.*,
  163 F.3d 1342 (Fed. Cir. 1998) .............................................................................................. 14

*Robocast, Inc., v. Microsoft Corp.*,
  No. 10-1055, 2014 WL 688644 (D. Del. Feb. 21, 2014) ........................................................ 10

*St. Clair Intellectual Property Consultants, Inc. v.*
  *Matsushita Electronic Industrial Co., Ltd.*,
  2009 WL 1649675 (D. Del. June 10, 2009) ............................................................................ 11

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
  2013 WL 4456161 (N.D. Cal. Aug. 16, 2013) ....................................................................... 13

*Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*,
  587 F.3d 1339 (Fed. Cir. 2009) ................................................................................................ 5

*Webmap Techs., LLC v. Google, Inc.*,
  No. 2:09–CV–343, 2010 WL 3768097 (E.D. Tex. Sept. 10, 2010) ........................................ 10

**Statutes**

35 U.S.C. § 252 ........................................................................................................................... 14

35 U.S.C. § 287(a) ........................................................................................................... 2, 3, 12, 13

**Rules**

Fed. R. Civ. P. 11 ......................................................................................................................... 13

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 14

Fed R. Civ. P. 15 ............................................................................................................ passim

Fed. R. Civ. P. 16 ........................................................................................................... passim

Defendants Dillard's, Inc., J.C. Penney Corporation, Inc., Staples, Inc., HSN, Inc., and Recreational Equipment, Inc. (collectively referred to as "Defendants") oppose Plaintiff Optimize Technology Solutions, LLC's ("Plaintiff") Motion for Leave to File Second Amended Complaint ("Motion").

## I.      INTRODUCTION

The deadline to amend pleadings passed six months ago, on August 20, 2013.  Plaintiff's brief fails to acknowledge this deadline or its delays in bringing its Motion.  Controlling Fifth Circuit law requires a party seeking to amend its pleadings after the pleading amendment deadline to show "good cause" under Rule 16.  Plaintiff's Motion attempts to satisfy only the more liberal Rule 15 standard for amending pleadings, so its Motion could be denied for that reason alone.

Even if Plaintiff had tried to make the necessary showing under Rule 16, it would have failed because it lacks good cause to amend its complaint and thereby modify the Court's already extended schedule.  Plaintiff was far from diligent in seeking to add either the willfulness or marking allegations it proposes, and Plaintiff's reasoning for its delay is nothing but a string of desperate excuses.  For example, Plaintiff contends that Defendants were objectively reckless in their alleged infringement because some, but not all, of Defendants' claim construction positions were accepted by the Court, and because Plaintiff does not agree with Defendants' invalidity positions.

Almost everything about the willfulness allegations Plaintiff proposes happened well before the August 20, 2013 deadline for amending pleadings.  The reexamination certificate issued in 2012.  Plaintiff knew about Defendants' supposedly "objectively baseless" claim construction and invalidity positions when Defendants disclosed them, pursuant to this Court's

patent rules, before August 20, 2013.  Plaintiff's attempt to rely on the fact that Defendants did not disclose an optional opinion of counsel defense by the November 26, 2013 deadline also fails because there were no willfulness claims at the time to defend against, making the nondisclosure a virtual certainty.  No rational defendant would consider disclosing its counsel's advice, and waive privilege, unless it had a reason to do so.

Plaintiff's lack of diligence in making marking allegations is even more extreme because only pre-suit activities can possibly be relevant to the marking issue.  Section 287(a)—the marking statute—focuses only on pre-suit notice by the patentee, its predecessors and their licensees, whether it is actual notice or constructive notice through marking.  Plaintiff could have and should have made any marking allegations when it initiated this action, instead of waiting more than two years to attempt to do so.

## II.   BACKGROUND

### A.    Plaintiff's Prior Complaints

On September 15, 2011, Plaintiff filed its Original Complaint For Patent Infringement. (D.I. 1)  When Plaintiff initiated this action, the sole asserted patent, U.S. Pat. No. 6,330,592, was undergoing reexamination by the PTO.

On January 25, 2012, the Court stayed this action pending the outcome of the reexamination.  (D.I. 66)  On December 18, 2012, the '592 patent emerged from reexamination, with every claim amended and with six new claims.  On January 23, 2013, the Court lifted the stay in this action.  (D.I. 71)

On April 26, 2013, Plaintiff filed its First Amended Complaint For Patent Infringement. This complaint added J.C. Penney Corporation, Inc., as one of the defendants, and alleged that Defendants infringed the '592 patent, as amended in the reexamination.  (D.I. 92 at ¶ 13) Defendants have a pending motion to dismiss this complaint.  (D.I. 111)

Plaintiff did not allege willful infringement in either complaint.  Instead, both complaints acknowledged the *lack* of basis for a willfulness allegation, stating:  "If facts learned in discovery show that any Defendant's infringement of the '592 Patent is or has been willful, Plaintiff reserves the right to request such a finding at the time of trial." (D.I. 1 at ¶ 24; D.I. 92 at ¶ 24)

Neither of Plaintiff's complaints anywhere plead compliance with 35 U.S.C. § 287(a), which states that actual notice of infringement or patent marking is required for a patent to be eligible for pre-suit damages.  (D.I. 1; D.I. 92)

**B.**     **The Court's Deadline For Amended Pleadings**

On May 16, 2013, the Court issued a Docket Control Order setting August 20, 2013 as the deadline to "*File Amended Pleadings."  (D.I. 115 at 3)  This Order explained that "(*) indicates a deadline cannot be changed without showing good cause.  Good cause is not shown merely by indicating that the parties agree that the deadline should be changed."  (*Id.* at 4)  The Court has not changed this deadline, nor has Plaintiff shown good cause as to why the Court should modify this deadline six months after it expired to accommodate Plaintiff's delinquent pleading.

**C.**     **Plaintiff's Proposed "Amendment"**

Plaintiff's primary "amendment"[1] to its complaint appears on page 7 of its proposed

---

[1] While Plaintiff characterizes its proposed new complaint as an "amended" complaint, in reality Plaintiff seeks to file a supplemental complaint because the proposed pleading injects facts that occurred after its last complaint.  Indeed, Plaintiff's brief repeatedly makes the argument that its proposed allegations are based on recent events.  Rule 15(d) defines a supplemental pleading as one "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

amended complaint:[2]

> ~~24.~~18.  ~~If facts learned in discovery show that any Defendant's infringement of the '592~~ ~~Patent is or has been willful, Plaintiff reserves the right to request such a finding at the time of~~ ~~trial.~~Defendants have been on notice of the '592 Patent and Defendants Staples, HSN, J.C. Penney and REI have not ceased their infringing activities.  Plaintiff has complied with the statutory requirements of 35 U.S.C. § 287.  Further, Defendants know of the '592 Patent by virtue of the pendency of this suit.  The infringement of the '592 Patent by Defendants has been and continues to be willful as Defendants' infringing activities were made with reckless disregard to an objectively high likelihood of infringement as, *inter alia*, (1) Defendants knew or should have known that the asserted claims of the '592 Patent are valid and in fact were confirmed as such during ex parte Reexamination by the U.S.P.T.O.; (2) Defendants are not relying on an opinion of counsel; and (3) Defendants' claim construction positions were objectively baseless.
>
>     WHEREFORE, Optimize prays for judgment as set forth below.
>
> **V.**
> **PRAYER FOR RELIEF**
>
> 1.     That Defendants be declared to have infringed the claims of the '592 Patent as alleged above;
>
> 2.     the such infringement of the '592 Patent by Defendants has been willful;

(Mot., App. B at 7)

### D.     Plaintiff's Meet and Confer Efforts

On January 3, 2014, Plaintiff informed Defendants that it would seek leave to file an amended complaint.  (Declaration of Klaus H. Hamm ("Hamm Decl."), Ex. A)  On January 7, 2014, Defendants met and conferred with Plaintiff about the proposed pleading, stating their

---

[2] Plaintiff states that it also seeks in its proposed new complaint to remove allegations against dismissed defendants and to modify the case caption to remove them.  (Mot. at 2 n.1)  While Defendants do not oppose removing these allegations, this formalistic change is unnecessary since the three defendants have been dismissed with prejudice, and does not provide "good cause" for Plaintiff's request to amend its complaint after the deadline for amending pleadings.

opposition to the requested amendment at that time.  (Mot. at 9)  No further meet and confer took

place, yet for reasons that have not been explained Plaintiff waited more than a month more

before seeking leave to amend, on February 13, 2014.

## III.   ARGUMENT

### A.   Plaintiff Has Not Attempted To Make The Required "Good Cause" Showing

Plaintiff's Motion should be denied because it incorrectly seeks relief "pursuant to

Federal Rule of Civil Procedure 15(a)(2)," rather than Rule 16.  Plaintiff's Motion incorrectly

relies solely on Rule 15's different and more permissive standard, and does not even attempt to

show "good cause" under Rule 16 and this Court's May 16, 2013 Docket Control Order.

Under Fifth Circuit law,[3] once the deadline for amending pleadings has passed, Rule 16

controls:

> Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure
> governs the amendment of pleadings. Where a court's permission
> for leave to amend is required because the amendment is not a
> matter of course, leave should be "freely given when justice so
> requires." *S & W Enters., L.L.C. v. SouthTrust Bank of Alabama,
> NA*, 315 F.3d 533, 535 (5th Cir.2003) (quoting Fed.R.Civ.P.
> 15(a)). This is a lenient standard, but it does not apply if an
> amendment would require the modification of a previously entered
> scheduling order. *Id*. **Instead, Rule 16(b) governs the
> amendment of pleadings "after a scheduling order's deadline
> to amend has expired."** *Fahim v. Marriott Hotel Servs., Inc*., 551
> F.3d 344, 348 (5th Cir.2008).

*Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (emphasis added).

The deadline to "*File Amended Pleadings" was August 20, 2013.  (D.I. 115 at 3)  Thus,

the more stringent requirements of Rule 16 apply.  Rule 16(b)(4) requires "good cause" to

modify the schedule.  So does the Docket Control Order.  (D.I. 115 at 3-4)  Plaintiff's opening

---

[3] Regional circuit law applies to motions for leave to amend in patent cases.  *Ultimax Cement
Mfg. Corp. v. CTS Cement Mfg. Corp*., 587 F.3d 1339, 1354 (Fed. Cir. 2009).

brief does not once mention the "*File Amended Pleadings" deadline, although it was a central issue during the meet and confer.[4]  There is no excuse for this omission, or for Plaintiff's failure to move under Rule 16 or to attempt to make its required "good cause" showing in its opening brief – except for the fact that Plaintiff cannot meet that burden.[5]

### B.     Plaintiff Cannot Satisfy Rule 16's "Good Cause" Standard

Under both Rule 16(b)(4) and the Docket Control Order, Plaintiff bears the burden to show good cause.  This requires Plaintiff to "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *Filgueira,* 734 F.3d at 422.  Only if Plaintiff shows good cause for missing the deadline does the more liberal Rule 15(a) standard apply.  *Id.*

The four factors for determining good cause under Rule 16(b)(4) are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Id.*  The application of these factors shows that Plaintiff's attempt to modify the Docket Control Order must fail, so Plaintiff's Motion should be denied for this reason as well.

### 1.     Plaintiff Cannot Show Good Cause To Add Willfulness Allegations

All four factors for determining good cause weigh against Plaintiff's request to add willfulness allegations.

---

[4] For example, the very first response from any Defendant to Plaintiff about its proposed motion for leave was "before we can consider your proposed motion and requested amendment, we need to review:  … 3) Plaintiff's explanation for why it was not able to make the proposed amendment(s) prior to the Aug 20, 2013 deadline in the Docket Control Order for filing amended pleadings...."  (Hamm Decl., Ex. A.)

[5] Plaintiff also should not be permitted to wait until its reply brief to attempt to show good cause because Defendants would have less opportunity to respond, and this tactic would be contrary to this Court's policy against litigation by ambush.

**Factor 1:** The first and most important factor[6]—the explanation for the failure to timely move for leave to amend—weighs heavily against Plaintiff, as it has no excuse for waiting until after the August 20, 2013 deadline for amending pleadings—let alone nearly six months after—to move for leave to amend its pleading.  Indeed, "[a] party's mere inadvertence to meet a deadline imposed by a scheduling order, and the absence of prejudice to the opposing side, are insufficient to establish good cause."  *L.G. Motorsports, Inc. v. NGMCO, Inc.*, No. 4:11-cv-112, 2013 WL 2543398, at *6 (E.D. Tex., June 6, 2013).

Plaintiff's proposed willfulness allegations rely heavily on the long-ago-completed reexamination of the '592 patent: "Defendants' infringing activities were made with reckless disregard to an objectively high likelihood of infringement as, *inter* alia, (1) Defendants knew or should have known that the asserted claims of the '592 patent are valid and in fact were confirmed as such during ex parte Reexamination by the U.S.P.T.O."  (Mot., App. B at 7)  The reexamination ended December 18, 2012, before the Court lifted the stay in this action on January 23, 2013; before Plaintiff filed its First Amended Complaint on April 26, 2013; and before this Court's August 20, 2013 deadline for amending pleadings.  Plaintiff could have included this allegation more than a year ago, but did not because it lacked diligence.

Plaintiff also claims there are three occurrences it "only recently learned" about that prevented it from seeking leave earlier, but Plaintiff's self-serving version of those events is not

---

[6] For example, the Fifth Circuit has affirmed a district court's determination that the "failure to account for its delay was dispositive, outweighing the other three factors for assessing good cause." *E.E.O.C. v. Service Temps Inc.,* 679 F.3d 323, 334 (5th Cir. 2012); *see also L.G. Motorsports, Inc. v. NGMCO, Inc.*, No. 4:11-cv-112, 2013 WL 2543398, at *6 (E.D. Tex., June 6, 2013) ("[t]he 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order").

close to accurate.  In each instance, Plaintiff either manufactured the supposedly recent

occurrence, or knew of it much earlier than it says it did.

First, Plaintiff argues that it "only recently learned" that Defendants would not rely on the

advice of counsel as a defense to willfulness.  (Mot. at 4)  This supposed revelation took place on

November 26, 2013, which was the deadline to "Comply with P.R. 3-7 (Opinion of Counsel

Defenses)."  This was not "recent," as it took place nearly three months before Plaintiff moved

for leave.  More importantly, at that time, Plaintiff had not pleaded any claim against Defendants

for which an opinion of counsel defense would be applicable, so it was inevitable that

Defendants would not disclose an opinion of counsel.  Plaintiff should not be permitted to rely

on an event whose inevitability it manufactured to justify its lack of diligence.

Second, Plaintiff relies on the Court's "recently issued" claim construction ruling.  (Mot.

at 5)  Plaintiff's proposed willfulness allegation states that "Defendant's claim construction

positions were objectively baseless."  (Mot., App. B at 7)  The Court's claim construction ruling

provides absolutely no support for Plaintiff's subjective mischaracterization of Defendants'

positions.  (*See* Order on claim construction (D.I. 269) (not holding that any of Defendants'

positions were "baseless" or otherwise improper))[7] Indeed, several of Defendants' claim

construction positions were adopted by the Court, and many of Plaintiff's positions were

rejected.  Furthermore, if Plaintiff's own mischaracterization of Defendants' claim construction

positions were sufficient, Plaintiff has known for more than six months about Defendants'

supposedly "objectively baseless" claim construction positions.  Defendants disclosed their

positions to Plaintiff on August 2, 2013, several weeks prior to the Court's deadline for

---

[7] Also, the claim construction order was not "recently issued."  It issued November 20, 2013, almost three months before Plaintiff sought leave to amend.  (D.I. 269)

amending pleadings.  (Hamm Decl., Ex. B)  If Defendants' August 2, 2013 claim construction positions really were "objectively baseless," Plaintiff should have amended on this ground prior to the deadline.

Third, Plaintiff argues that it only "recently learned," when Defendants filed a letter brief seeking leave to move for summary judgment of invalidity, of the "weakness" of Defendants' "best prior art references."  (Mot. at 5)  Defendants did not file their letter brief "recently."  They filed it December 16, 2013, two months before Plaintiff eventually sought leave to amend.  (D.I. 289)  And, once again, Plaintiff misleads by suggesting that it did not previously know about Defendants' invalidity positions.  Defendants had served invalidity contentions regarding each of the prior art references featured in their letter brief by August 2, 2013, well before the deadline for amending pleadings and more than six months before Plaintiff sought leave to amend. (Hamm Decl., Exs. C - D)  If Plaintiff believed that Defendants' prior art positions were actually "objectively baseless," then that should have been clear when Defendants served their contentions.

In sum, Plaintiff lacked all diligence in seeking to amend its complaint.  Nothing but Plaintiff's own failure to act prevented it from seeking these amendments prior to the Court's deadline to amend the pleadings.[8]

**Factor 2:** The second factor—the importance of the amendment—also weighs against Plaintiff because Plaintiff's willfulness claims have an extremely low chance of success. *Filgueuira,* 734 F.3d at 423 (analyzing merits of claim as part of the "importance" analysis). Plaintiff has no evidence that any Defendant had any pre-suit knowledge of the '592 patent –

---

[8] For these same reasons, if the Court were to apply the Rule 15 standard urged by Plaintiff, the first and third factors under a Rule 15 analysis (undue delay and dilatory motive) would weigh against permitting Plaintiff's amendment.

indeed, no such evidence exists.  Plaintiff's proposed willfulness allegations rely solely on allegations of post-litigation conduct.  Under such circumstances, a plaintiff has a high, if not impossible, burden for proving willfulness.  *Robocast, Inc., v. Microsoft Corp.*, No. 10-1055, 2014 WL 688644, at *11 (D. Del. Feb. 21, 2014) ("Allegations of willfulness based solely on conduct post-dating the filing of the original complaint are insufficient. The conduct before suit was filed does not create a triable issue as to willfulness; the filing of the suit does not change 'non-willfulness' into willfulness.").  This burden is even higher because Plaintiff has alleged since it filed this suit that it is entitled to an injunction (D.I. 1 at ¶ 23)[9] but has not moved for a preliminary injunction.  *See In re Seagate Technology, LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc) ("A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct."); *Anascape, Ltd. v. Microsoft Corp.*, No. 9:06–CV–158, 2008 WL 7182476, at *3 (E.D. Tex. April 25, 2008) (granting motion for summary judgment of no willfulness based on post-suit conduct when Plaintiff failed to move for a preliminary injunction).  Under such circumstances, this Court has held that a plaintiff must "plead[] other extraordinary facts," to proceed with a willfulness claim.  *Webmap Techs., LLC v. Google, Inc.*, No. 2:09–CV–343, 2010 WL 3768097, at *4 (E.D. Tex. Sept. 10, 2010).  Plaintiff's vague and conclusory proposed allegations do not come close to pleading extraordinary facts required to satisfy Plaintiff's

---

[9] In this paragraph Plaintiff pleaded: "Optimize will continue to suffer harm (including irreparable harm) in the future unless and until Defendants' infringing activities are enjoined by this Court."

burden.  Because Plaintiff cannot show that its proposed amendment is of any "importance" to this litigation under Rule 16, its motion for leave should be denied.[10]

Plaintiff's proposed willfulness claim lacks merit for other reasons too.  Plaintiff relies on Defendants' not relying on an opinion of counsel.  But, because no Defendant had reason to rely on one in the absence of willfulness allegations, non-reliance cannot show willful infringement.  How could a jury possibly blame a defendant for not relying on an opinion of counsel, when an opinion would have been completely irrelevant to the claims pleaded?  Similarly, the issuance of a reexamination certificate does not suggest willfulness.  Unlike the case Plaintiff cites regarding an asserted patent that emerged from reexamination "without amendment to any of the claims," in this case the patent emerged with amendments to every claim, plus six new claims.  *See St. Clair Intellectual Property Consultants, Inc. v. Matsushita Electronic Industrial Co., Ltd*., 2009 WL 1649675, at *2 (D. Del. June 10, 2009).

**Factors 3 and 4:** These factors—potential prejudice in allowing the amendment and availability of a continuance to cure prejudice—also weigh against Plaintiff.  Defendants will be prejudiced by the addition of willfulness allegations because the deadline for disclosing reliance on an opinion of counsel has passed.  Defendants also would need to take costly additional discovery.  For example, it would need to re-depose Plaintiff's corporate representative on this issue, and potentially serve additional written discovery.  Additionally, Defendants would be prejudiced if this case were continued yet again due to Plaintiff's lack of diligence.  Defendants should not be forced to pay for the additional depositions of Plaintiff's and Defendants'

---

[10] For these same reasons, Rule 15's "futility" factor would weigh against permitting Plaintiff's amendment.  Combined with Plaintiff's dilatory conduct in raising this amendment six months after the deadline, Defendants assert that Rule 15's "bad faith" factor also weighs against Plaintiff's proposed amendment.

witnesses that would become necessary only because of Plaintiff's delinquent, supplemental claims.[11]   Moreover, these factors are relatively unimportant when a party has lacked diligence. *See L.G. Motorsports, Inc.,* 2013 WL 2543398, at *6.

### 2.        Plaintiff Cannot Show Good Cause To Add Marking Allegations

The four Rule 16 factors for determining good cause weigh against allowing Plaintiff to add marking allegations to its complaint.

**Factor 1:** The first factor—the explanation for the failure to timely move for leave to amend—weighs heavily against Plaintiff because as a matter of law only activities taking place before the suit was filed, more than two years ago, are relevant to marking.  Plaintiff could have made its allegations about marking two years ago when it filed suit.[12]

Plaintiff's proposed allegation is "Plaintiff has complied with the statutory requirements of 35 U.S.C. 287."  Section 287(a) prohibits pre-suit damages if a patentee or its licensees fails to mark patented articles, unless the accused infringer receives actual notice of the infringement. Section 287(a) is concerned only with pre-suit activities.  Whatever happens after a suit is filed is irrelevant for purposes of the statute, because by its terms Section 287(a) cannot bar damages that accrue after a suit is filed.[13]   Plaintiff has had the information that forms the basis of its

---

[11] For these same reasons, the fifth factor under a Rule 15 analysis (undue prejudice) also weighs against permitting Plaintiff's amendment.

[12] For this reason, as explained further above, the first and third factors under a Rule 15 analysis (undue delay and dilatory motive) would weigh against permitting Plaintiff's amendment.  The fourth Rule 15 factor (repeated failures to cure pleading deficiencies) also would weigh against Plaintiff's amendment since Plaintiff could have asserted marking allegations in its prior complaints.

[13] The statute states "Filing an action for infringement shall constitute such notice," i.e., the notice that is required to begin accruing damages.

marking allegation for more than two years.  Its failure to try to plead marking until now can be described only as a lack of diligence, and an extreme one at that.

Plaintiff argues that its first two complaints had marking allegations and that any argument to the contrary is "untrue."  (Mot. at 7)  Plaintiff argues that its existing complaints had marking allegations because they pleaded willfulness, which Plaintiff states is sufficient to satisfy the pleading requirements for asserting marking.  In fact, Plaintiff's existing complaints do not plead willfulness, which is why Plaintiff seeks to add it now.  These two complaints state: "If facts learned in discovery show that any Defendant's infringement of the '592 Patent is or has been willful, Plaintiff reserves the right to request such a finding at the time of trial." (D.I. 1 at ¶ 24; D.I. 92 at ¶ 24)  This allegation does not state that any Defendant has willfully infringed. Instead it is an acknowledgement that Plaintiff lacked a basis for alleging willful infringement and a conditional statement that Plaintiff will pursue willfulness if it later discovers a basis for doing so.  Further, to the extent that this statement is interpreted as an allegation of willfulness, the first two complaints violate Rule 11 because Plaintiff has no evidence that any Defendant had pre-suit notice of the '592 patent, and Plaintiff's Motion goes to lengths to argue that it only recently learned of a basis to make a purported willfulness claim.[14]

**Factor 2**: The second factor—the importance of the amendment—weighs against Plaintiff because it is has an extremely low chance of success.  Plaintiff's proposed allegation refers only to Plaintiff's own compliance with Section 287(a).  However, to satisfy the marking requirement, Plaintiff also bears the burden of showing compliance by prior owners of the patent. *U.S. Ethernet Innovations, LLC v. Acer, Inc*., 2013 WL 4456161 (N.D. Cal. Aug. 16, 2013)

---

[14] If the Court were to adopt a Rule 15 analysis, its "bad faith" factor would weigh against Plaintiff's proposed amendment for this reason.

(granting summary judgment on marking because patentee's predecessor did not ensure marking of products licensed under patents-in-suit).  Plaintiff does not even try to make that allegation, even though the '592 patent issued in 2001 and Plaintiff did not allegedly acquire an interest in the patent until 2007.  (Hamm Decl., Ex. E)  Plaintiff has not proposed an allegation about marking by the company, Vignette, who purportedly owned the patent prior to 2007, because it knows that it cannot make one in good faith.  Thus, Plaintiff's proposed addition, if allowed, would be subject to an immediate motion to dismiss under Rule 12(b)(6).

Plaintiff's proposed marking allegations are also not "important" because they seek only to make it possible for Plaintiff to collect pre-suit damages.  Plaintiff already has little chance of obtaining pre-suit damages, even if it succeeds in proving infringement and Defendants fail to prove invalidity, because all claims of the '592 patent were amended following a prior art rejection in reexamination that concluded after Plaintiff initiated this action.  Although the Court has yet to decide this issue, 35 U.S.C. § 252 presumptively precludes pre-amendment damages in this situation.  *See Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998) ("If substantive changes have been made to the original claims, the patentee is entitled to infringement damages only for the period following the issuance of the reexamination certificate.").[15]

**Factors 3 and 4:** These factors—potential prejudice in allowing the amendment and availability of a continuance to cure prejudice—also weigh against Plaintiff.  Although Plaintiff has the burden of proving marking by it and its predecessors, Defendants are entitled to take third party discovery from the patent's original owner and its licensees to establish lack of

---

[15]  For the above reasons, Rule 15's "futility" factor would weigh against permitting Plaintiff's amendment.

marking.  This discovery could cause Defendants "great expense" and thereby prejudice them.[16]

*Filgueira*, 734 F.3d at 424.  Continuing the case would not cure this prejudice.  Further, as noted

above, these factors are relatively unimportant because Plaintiff has lacked diligence.  *See L.G.*

*Motorsports, Inc.*, 2013 WL 2543398, at \*6 (mere inadvertence, absence of prejudice insufficient

to establish good cause).

## IV.    **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to File Second Amended

Complaint should be denied.

Respectfully submitted,

Dated:  March 3, 2014           By:    /s/ Klaus H. Hamm
                                       Elisabeth V. Bechtold (OR Bar No. 116303)
                                       eliza.bechtold@klarquist.com
                                       J. Christopher Carraway (OR Bar No. 961723)
                                       chris.carraway@klarquist.com
                                       Robert T. Cruzen (OR Bar No. 080167)
                                       rob.cruzen@klarquist.com
                                       Klaus H. Hamm (OR Bar No. 091730)
                                       klaus.hamm@klarquist.com
                                       Jeffrey S. Love (OR Bar No. 873987)
                                       jeffrey.love@klarquist.com
                                       Terrence W. McMillin (*Pro Hac Vice*)
                                       terry.mcmillin@klarquist.com
                                       Todd M. Siegel (OR Bar No. 001049)
                                       todd.siegel@klarquist.com
                                       Derrick W. Toddy (OR Bar No. 072043)
                                       derrick.toddy@klarquist.com
                                       Carla Todenhagen (OR Bar No. 065283)
                                       carla.todenhagen@klarquist.com
                                       Garth A. Winn (*Pro Hac Vice*)
                                       garth.winn@klarquist.com
                                       KLARQUIST SPARKMAN, LLP
                                       121 S.W. Salmon Street, Suite 1600
                                       Portland, Oregon  97204
                                       Telephone:  (503) 595-5300

---

[16] For these same reasons, the fifth factor under a Rule 15 analysis (undue prejudice) also weighs
against permitting Plaintiff's amendment.

Facsimile: (503) 595-5301

Brian Craft (TX Bar No. 04972020)
bcraft@findlaycraft.com
Eric H. Findlay (TX Bar No. 00789886)
efindlay@findlaycraft.com
FINDLAY CRAFT P.C.
6760 Old Jacksonville Hwy., Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

*ATTORNEYS FOR DEFENDANTS DILLARD'S,
INC., J.C. PENNEY CORPORATION, INC., AND
STAPLES, INC.*

By:  /s/ Patrick T. Muffo
     Joseph R. Lanser
     jlanser@seyfarth.com
     (IL Bar No. 6272587)
     Patrick T. Muffo (*Pro Hac Vice*)
     pmuffo@seyfarth.com
     (IL Bar No. 6298584)
     Michael R. Levinson (*Pro Hac Vice*)
     mlevinson@seyfarth.com
     (IL Bar No. 3124570)
     SEYFARTH SHAW LLP
     131 S. Dearborn Street, Suite 2400
     Chicago, Illinois 60603-5577
     Telephone: (312) 460-5000

     Brian L. Michaelis (*Pro Hac Vice*)
     bmichaelis@seyfarth.com
     (MA Bar No. 555159)
     Seyfarth Shaw LLP
     World Trade Center East
     Two Seaport Lane, Suite 300
     Boston, MA 02210
     Telephone: (617) 946-4800
     Facsimile: (617) 946-4801

     E. Glenn Thames, Jr. (TX Bar No. 00785097)
     glennthames@potterminton.com
     J. Matt Rowan (TX Bar No. 24033137)
     mattrowan@potterminton.com
     POTTER MINTON
     110 N. College Avenue, Suite 500

16

Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*ATTORNEYS FOR DEFENDANT HSN, INC.*

By:    /s/ Daniel A. Cohen
       Michael E. Jones (TX Bar No. 10929400)
       mikejones@potterminton.com
       Allen F. Gardner (TX Bar No. 24043679)
       allengardner@potterminton.com
       Potter Minton, P.C.
       110 N. College Ave., Suite 500
       Tyler, Texas 75702
       Telephone: (903) 597-8311
       Facsimile: (903) 593-0846

       Parker C. Ankrum (CA Bar No. 261608)
       pankrum@kasowitz.com
       L. Okey Onyejekwe, Jr. (CA Bar No. 250354)
       oonyejekwe@kasowitz.com
       KASOWITZ, BENSON, TORRES
       & FRIEDMAN LLP
       333 Twin Dolphin Drive
       Redwood Shores, CA 94065
       Telephone: (650) 453-5170
       Facsimile: (650) 453-5171

       Jonathan K. Waldrop (LEAD ATTORNEY)
       (GA Bar No. 731103)
       jwaldrop@kasowitz.com
       Darcy L Jones (GA Bar No. 100155)
       djones@kasowitz.com
       Jeffrey J Toney (GA Bar No. 714615)
       jtoney@kasowitz.com
       Daniel A. Cohen
       DCohen@kasowitz.com
       KASOWITZ, BENSON, TORRES
       & FRIEDMAN LLP
       1349 West Peachtree Street N.W.
       Suite 1500
       Atlanta, GA 30309
       Telephone: (404) 260-6080
       Facsimile: (404) 260-6081

       *ATTORNEYS FOR DEFENDANT*
       *RECREATIONAL EQUIPMENT, INC.*

17

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 3, 2014 a true and correct copy of the

above and foregoing document has been served on all counsel of record who are deemed to have

consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A).


/s/ Klaus H. Hamm
Klaus H. Hamm